UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
NEW YORK, NEW YORK

Lin, Yan
    (A#078-638-424);

    Plaintiff

v.                                                                                      Civil No. : 10-civ-4331

Janet Napolitano,
    Secretary of the United States Department
    of Homeland Security;

Michael Aytes,
    Acting Deputy Director of U.S. Citizenship
    & Immigration Services, Department of
    Homeland Security;

Gerard Heinauer,
    Director, Nebraska Service Center,
    U.S. Citizenship & Immigration Services;

Andrea Quarantillo, District Director,
    United States Citizen and Immigration Services,
    New York City District Office;

&

Robert S. Mueller, III,
    Director of the Federal Bureau of Investigation,
    Department of Justice;

    Defendants

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS**

      Plaintiff, Lin, Yan ("Ms. Lin") by her attorney, Yee Ling Poon, Esq., hereby alleges, upon information and belief, as follows:

**I.    INTRODUCTION**

1.1    This action is brought against the Defendants to compel action on an application for application for adjustment of status (Form I-485) properly filed by Plaintiff ("Ms. Lin"). The application was filed, and remains, within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiff's detriment.

## II.  PARTIES

2.1  Plaintiff Lin, Yan is a native and citizen of the People's Republic of China. She entered the United States on or about January 24, 2005 at Anchorage, Alaska on a visa issued pursuant to an approved I-730 Asylee Relative Petition. Ms. Lin filed an I-485 Application to Adjust to Permanent Resident Status ("I-485") January 31, 2006. Her application is still pending.

2.2  Defendant Janet Napolitano is Secretary of the Department of Homeland Security (DHS), and this action is brought against her in her official capacity. She is generally charged with enforcement of the Immigration and Nationality Act (INA), and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. Pursuant to the provisions of the Homeland Security Act of 2002 (Pub. L. No. 107-296), which was signed into law on November 25, 2002, the functions of the Immigration and Nationality Services of the Department of Justice, and all authorities with respect to those functions, transferred to DHS on March 1, 2003, and the INS was abolished on that date. The transition and savings provisions of the Homeland Security Act, including sections 1512(d) and 1517, provide that references relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS.

2.3  Defendant Alejandro Mayorkas is Acting Deputy Director of United States Citizenship and Immigration Services, (USCIS) an Under Secretary position within the Department of Homeland Security.

2.4  Defendant Gerard Heinauer is an official of USCIS generally charged with supervisory authority over all operations of the USCIS within his District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B). Ms. Lin filed her I-485 Application to Adjust with the Nebraska Service Center where, upon information and belief, her application may be currently pending.

2.5  Defendant Andrea Quarantillo is an official of USCIS generally charged with supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 CFR § 103.1(g)(2)(ii)(B). Ms. Lin's I-485 application was transferred from the Nebraska Service Center to USCIS' offices in New York on April 3, 2007 where, upon information and belief, the petition may still be pending.

2.6  Defendant Robert S. Mueller, III is Director of the Federal Bureau of Investigation of the U.S. Department of Justice. In his official capacity he has authority over security clearances submitted by the Justice Department, EOIR and DHS, and thus has partial authority to perform ministerial acts which relate to the removal conditions on asylum grants established under former 8 U.S.C. § 1157(a)(5) (2000).

### III. JURISDICTION

3.1    Jurisdiction in this case is proper under 28 U.S.C. § 1331 and § 1361, 5 U.S.C. § 555(b), and the Immigration and Nationality Act and regulations implementing it (Title 8 of the C.F.R.). Relief is requested pursuant to said statutes.

3.2    Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises under 28 U.S.C. § 1361 (mandamus), the Administrative Procedure Act (APA) (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the Immigration and Nationality Act (INA) and regulations implementing it (Title 8 of the C.F.R.).

3.3    Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

3.4    The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) states that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 U.S.C. § 555(b). Ms. Lin contends that the delays in processing her application for adjustment of status are unreasonable.

3.5    Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added). The Code of Federal Regulations further provides that "[e]ach applicant for adjustment of status under this part *shall* be interviewed by an immigration officer," 8 C.F.R. § 245.6 (emphasis added); and, most importantly, that "the applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2 (emphasis added). The language of the statute and these regulations is mandatory, not discretionary, and requires the Defendants to adjudicate the adjustment of status application.

### IV.    VENUE

4.1    Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District in which a Defendant maintains an office.

### V.    FACTS

5.1    Ms. Lin is a native and citizen of the PRC. She was born on February 16, 1983. (Exhibit 1) She has one sister, Lin, Ying (A#078-638-426), born on January 7, 1984. (Exhibit 2)

5.2  Ms. Lin's father, Lin, Guang Tao ("Mr. Lin") was granted conditional asylum by Immigration Judge Philip L. Morace on October 29, 1999. (Exhibit 3) The condition on Mr. Lin's grant of asylum was lifted on March 25, 2002. (Exhibit 4)

5.3  On April 23, 2002 Mr. Lin filed I-730 Asylee Relative Petitions ("I-730 Petition") on behalf of Ms. Lin and her sister and the petitions were approved on February 21, 2003. (Exhibit 5)

5.4  The sisters were issued visas pursuant to the approved I-730 petitions and entered the United States together at Anchorage, Alaska on January 24, 2005.

5.5  Pursuant to 8 C.F.R. § 209.2(a)(1)(ii) Ms. Lin and her sister waited one year after their arrival in the United States before filing applications for adjustment of status, based on their father's status as an asylee. The filed their applications with the Nebraska Service Center on January 31, 2006. (Exhibit 6)

5.6  On April 3, 2007 the applications were transferred to USCIS' offices in New York City. (Exhibit 7)

5.7  In August of 2009 the sisters filed I-589 Applications for Asylum *Nunc Pro Tunc* to apply for asylum in their own right. On December 21, 2009 USCIS issued notices approving the applications and retroactively granting both sisters asylum as of January 24, 2005. (Exhibit 8)

5.8  On February 24, 2010 the two sisters' paths began to diverge when USCIS requested only that Ms. Lin's sister submit medical and vaccination records. (Exhibit 9) USCIS did not request that Ms. Lin submit these documents.

5.9  On April 9, 2010 Ms. Lin, through counsel, sent a letter of inquiry to USCIS asking for an update on her case. No response was forthcoming. (Exhibit 10)

5.10  On April 20, 2010 Ms. Lin's sister was granted adjustment. (Exhibit 11) As of May 25, 2010, a check of USCIS' online case status system indicated only that Ms. Lin's case was transferred to New York on April 3, 2007. (Exhibit 12)

5.11  A processing time report issued by the Nebraska Service Center, where Ms. Lin filed her application for adjustment, states that applications for adjustment based on grants of asylum are currently being processed in an average time of six months. (Exhibit 13) Ms. Lin's application for adjustment has been pending for over four years.

## VI.    EXHAUSTION OF REMEDIES

6.1  Ms. Lin has exhausted her administrative remedies. She has complied with all the requirements for seeking adjustment of status.

## VII.   REQUEST FOR RELIEF

7.1   Defendants have willfully and unreasonably delayed, and have refused to adjudicate, Ms. Lin's application for adjustment of status.  Ms. Lin's application has now remained un-adjudicated for well over four years.

7.2   The delay in adjudicating the application is not attributable to Ms. Lin.

7.3   Defendants owe Ms. Lin a duty to adjudicate the adjustment of status application and have unreasonably failed to perform that duty.  This duty is owed under the INA and regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the application.

7.4   Defendants have sufficient information to determine Ms. Lin's eligibility pursuant to applicable requirements.

7.5   Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law.  Defendants willfully and unreasonably have delayed in and refused to adjudicate Ms. Lin's application for over four years, thereby depriving her of the right to a decision on her status and the peace of mind to which Ms. Lin is entitled.

7.6   The delay is unreasonable *per se*.

7.7   The delay is unreasonable in light of USCIS estimated processing times and press releases which claim improved processing times and increased efficiency, and which further indicate that adjustment of status applications can be processed in less time now than in prior years.

7.8   Ms. Lin has been greatly damaged by the failure of Defendants to act in accord with their duties under the law:

   a.   Ms. Lin has been damaged in that her employment authorization is tied to her status as an applicant for permanent residency, and is limited to increments not to exceed one year. 8 C.F.R. § 274a.12(c)(9).  Therefore, as in the case of the advanced parole, Ms. Lin has been forced to repeatedly apply (and pay) for extensions of employment authorization, to her continued inconvenience and harassment.

   b.   Ms. Lin has been damaged in that she cannot travel out of the U.S. without applying for a refugee travel document which allows only for limited increments of travel not to exceed one year.  Moreover, as an asylee, she does not feel safe returning to China to see her friends and relatives until she becomes a U.S. citizen.

    c.    Ms. Lin has been further damaged simply by being deprived of the status of lawful permanent resident during the interminable pendency of her application.

    d.    Ms. Lin has been further damaged by being made to suffer an unnecessary delay in obtaining all the rights and privileges deriving from U.S. citizenship, including the right to vote and to fully participate in U.S. society.

7.9    Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Ms. Lin's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Ms. Lin's case.

7.10    Defendants' failure to adjudicate Ms. Lin's petition is arbitrary and capricious in light of the fact that a nearly identical case has already been adjudicated several months ago.

## VII.   PRAYER

8.1    WHEREFORE, in view of the arguments and authority noted herein, Ms. Lin respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

    a.    requiring Defendants to adjudicate Ms. Lin's application for adjustment of status;

    b.    awarding Ms. Lin reasonable attorney's fees; and

    c.    granting such other relief at law and in equity as justice may require.

Respectfully Submitted,

/s/Yee Ling Poon, LLC
YEE LING POON, ESQ.
*Attorney for Plaintiff*
LAW OFFICE OF YEE LING POON, LLC
11 East Broadway, 5th Floor
New York, NY 10038
(212) 385-4575

DATE: MAY 28, 2010

# **EXHIBITS**

1. Ms. Lin's Birth Certificate

2. Ms. Lin's Sister's Birth Certificate

3. Immigration Judge Order granting Ms. Lin's father conditional asylum (October 29, 1999)

4. Condition Removal Letter (March 25, 2002)

5. I-730 Approval Notices (February 21, 2003)

6. I-485 Receipt Notices (January 31, 2006)

7. Transfer Notices (April 3, 2007)

8. Letters granting "*nunc pro tunc*" asylum to Ms. Lin and her sister (December 21, 2009)

9. USCIS Request for Evidence (February 24, 2010)

10. Letter of Inquiry (April 9, 2010)

11. Approval Notice (April 20, 2010)

12. USCIS Case Status Update (May 25, 2010)

13. Nebraska Service Center Processing Times (May 15, 2010)